IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMIE CUA CRUZ; and FLORO LORENZO CRUZ, JR., <br><br>  Plaintiffs, <br><br> v. <br><br> JP MORGAN CHASE BANK, NATIONAL ASSOCIATION, as successor in interest to WASHINGTON MUTUAL BANK F.A.; QUALITY LOAN SERVICE CORPORATION; CALIFORNIA RECONVEYANCE COMPANY; and DOES 1-100, <br><br>  Defendants. <br> _____/ | No. C 12-3219 CW <br><br> ORDER DENYING PLAINTIFFS' EMERGENCY EX PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE (Docket No. 3) |

On June 20, 2012, Plaintiffs Armie Cua Cruz and Floro Lorenzo Cruz, Jr. filed an emergency ex parte application for a temporary restraining order and preliminary injunction. Plaintiffs seek to prevent Defendant JP Morgan Chase Bank, National Association (Chase), its agents, employees, successors, attorneys and all persons in active concert and participation with it "from engaging or performing in any act to deprive Plaintiff [sic] of their residence in and possession of the real property at 23 Pinnacle Street, South San Francisco, CA 94080, including an unlawful writ of possession and eviction scheduled for next Thursday, June 21, 2012." Mot. at 1-2.

On June 21, 2012, the Court issued an order finding that Plaintiffs had not make a sufficient showing to obtain an ex parte temporary restraining order. The Court set a briefing schedule, requiring Chase to file a response to Plaintiffs' motion for a

temporary restraining order by 12:00 p.m. three court days after it has been served with certain documents and permitting Plaintiffs to file a reply by 12:00 p.m. the following court day.

On June 29, 2012, Chase and Defendant California Reconveyance Company filed an opposition to Plaintiffs' motion.  They argue, among other things, that Plaintiffs' motion is moot because Chase had obtained possession of the property on June 21, 2012.  Naiman Decl. ¶ 49.

Plaintiffs have not filed a reply or challenged Defendants' argument that their motion is moot.  Because Plaintiffs are no longer in possession of the property, Plaintiffs' request for injunctive relief preventing Chase "from engaging in or performing any act to deprive Plaintiff of their residence in and possession of" the property is moot.

Accordingly, Plaintiffs' application for a temporary restraining order and order to show cause for preliminary injunctive relief is DENIED (Docket No. 3).  Plaintiffs may file a properly noticed motion for a preliminary injunction, pursuant to Civil Local Rules 65-2 and 7-2.

IT IS SO ORDERED.

Dated: July 5, 2012

CLAUDIA WILKEN
United States District Judge